Case 1:22-cv-03984-MLB-JCF Document 6 Filed 12/19/22 Page 1 of 5

United States District Court for the Northern District of Georgia

Case No: 1:22-CV-03984-MLB-JCF

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 19 2022

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

I. **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

1. This is an action for actual and statutory damages brought by Keyana Moulton an individual consumer, against Defendant, National Credit Systems Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S. Code § 1692 *et seq.* which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. I have never done any business nor received any goods/services from NATIONAL CREDIT SYSTEMS INC. I am sure that the defendant cannot provide any instrument of a signed contract/agreement between NATIONAL CREDIT SYSTEMS INC. and myself, labeling me as a debtor who is obliged to any debt/monies owed to them as a creditor.

3. I am a natural person residing in Atlanta, Dekalb County, Georgia. I am a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(3).

4. National Credit Systems Inc. is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a(6).

5. On or about October 2021, I reviewed all of my consumer reports via Credit Karma.

6. In these reports, I noticed that National Credit Systems Inc. furnished a trade line of $3,909.21, allegedly owed to THE ALCOVE APARTMENTS.

7. By placing this debt tradeline on my consumer reports Defendant drastically lowered my credit score.

8. The alleged "debt" is associated with a residential lease I entered into with a residential apartment complex.

9. I had a dispossessory case with THE ALCOVE APARTMENTS that was dismissed without prejudice on October 12, 2021, with Cobb County Magistrate Court.

10. I moved out of THE ALCOVE APARTMENTS in August 2021 and handed the keys to the manager Merry E. Fitzgerald where we had a conversation and she told me that I could make "payments" to pay off the alleged "debt".

11. Despite making this agreement and turning over possession to THE ALCOVE APTS, a dispossessory case was still being continued that I had no knowledge of. I did not receive any communication through any mediums about the case until I received a notification about a new debt from NATIONAL CREDIT SYSTEMS INC. via my Credit Karma account.

12. Defendant (National Credit Systems Inc.,) furnished this tradeline on October 7, 2021 which is before the time that The ALCOVE APARTMENTS dismissed my dispossessory case in Cobb County Magistrate Court.

13. I do not recall, Defendant NATIONAL CREDIT SYSTEMS INC., sending a letter to me on or around October 2021, stating that I owed $3,909.21 to THE ALCOVE APTS.

14. In fact, I do believe the initial communication the Defendant had with me was via Credit Karma, stating a debt tradeline from NATIONAL CREDIT SYSTEMS INC. that has an opening date of October 7, 2021.

15. The initial communication and all communication I received from NATIONAL CREDIT SYSTEMS INC. is in violation of 15 U.S.C. § 1692g(3) since it did not include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

16. The initial communication and all communication I received from NATIONAL CREDIT SYSTEMS INC. is in violation of 15 U.S.C. § 1692g(4) since it did not include "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

17. The initial communication and all communication I received from NATIONAL CREDIT SYSTEMS INC. is in violation of 15 U.S.C. § 1692g(5) since it did not include "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. I sent Defendant a request for verification and validation pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g soon after I received the initial communication from NATIONAL CREDIT SYSTEMS INC.

19. I also sent Defendant a cease and desist letter on December 23, 2021, to remove any form of communication unless it was for legal reasons.

20. I continued to send numerous correspondences to NATIONAL CREDIT SYSTEMS INC. as well as their registered agent, however, I continued to receive the same vague communication that I received after the first dispute or no communication at all.

21. I, Keyana Moulton, a consumer have still not received any written communication containing the disclosures required by 15 U.S.C. § 1692g from Defendant.

22. I received a correspondence dated January 21, 2022, stating that they have validated this debt, however, the consumer reporting agencies are reporting different information as it relates to this debt tradeline.

23. The FDCPA prohibits debt collections such as the Defendant from attempting to collect debts from consumers such as myself once a consumer notifies the debt collector in writing within 30 days of the initial communication of the consumer's dispute of the alleged debt and the consumer's request for verification and validation which is pursuant 15 U.S.C. § 1692g(b).

24. In addition, the FDCPA states that "a debt collector shall cease collection of the debt, or any dispute portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector" which is pursuant 15 U.S.C. § 1692g(b). However, NATIONAL CREDIT SYSTEMS violated my cease and desist letter and continued to attempt to collect through phone calls even though verification was not provided.

25. Defendant's actions have caused severe damage to my consumer reports, livelihood, and character. In addition, due to their inaccurate reporting on my consumer reports, my family and I are currently homeless.

26. On August 25, 2022, my family and I applied to live at RUTHERFORD GLEN APARTMENTS located at 7100 Dawson Blvd, Atlanta, GA 30340 and was told that due to the "rental collection" placed by NATIONAL CREDIT SYSTEMS INC. that we were not approved for housing.

27. My family and I have not been able to find a place to live due to this "rental collection" placed on my consumer reports and therefore have been living in a hotel since the end of our previous lease on August 29, 2022.

28. Defendant NATIONAL CREDIT SYSTEMS INC. is liable to me for statutory damages of up to $1,000, plus actual damages.

I pray that this Court:

(1) Find Defendant liable for violations of the Fair Debt Collection Practices Act and for continuing debt collection activities without sending Plaintiff the required verification and validation of the alleged debt;
(2) Award Plaintiff the full $1,000 statutory damages for Defendants' FDCPA violations
(3) Award Plaintiff for actual damages caused by the negligence of NATIONAL CREDIT SYSTEMS Inc. which includes the bill for hotel stays and the application fee for Rutherford Glen Apartments.
(4) Award Plaintiff the court costs.